**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| BRENTWOOD INVESTMENTS, LLC, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-66-DBH |
| | ) | |
| JAMES G. STANLEY, | ) | |
| | ) | |
| **Defendant** | ) | |

**REPORT OF HEARING AND RECOMMENDED ORDER**
**RE: TERMINATION OF CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Held in Portland by telephone on April 3, 2014, at 10:30 a.m.

Presiding:             John H. Rich III, United States Magistrate Judge

Appearances:       For the Plaintiff:  Daniel Rosenthal, Esq.

                            For the Defendant:  George Dilworth, Esq.

The telephone conference was held in accordance with my report and order dated March 28,

2014, ECF No. 35, directing the parties to be prepared to show cause why this action should not be

terminated for lack of subject matter jurisdiction.  At the outset, I noted that, based upon my reading

of *Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41 (1st Cir. 2006), which I had cited in my

March 28 report and order, the dismissal of this action by the United States District Court for the

Middle District of Florida appeared to have rendered the case a nullity, vitiating that court's

purported transfer of the case to this district.  I stated that I saw two options: that (i) the plaintiff seek

clarification from the Florida court, presumably through the vehicle of a motion for relief from

judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), or, (ii) by agreement of the parties, this case be closed for want of subject matter jurisdiction, and the plaintiff file a new complaint.

Attorney Rosenthal argued in favor of a third option: that this court, like the First Circuit in *Subsalve*, construe the Florida court's order as a transfer order "[b]ased on clear evidence of the district judge's intent[.]" *Subsalve*, 462 F.3d at 42. I expressed serious reservations about proceeding in that fashion, given my continued belief that the indicia of the Florida court's intent are not as clear as in *Subsalve* and the defendant's position, reaffirmed by Attorney Dilworth, that he will not waive or forgo any rights that might inure to him as a result of the dismissal. Following further discussion, the parties concurred that this case should be closed for lack of subject matter jurisdiction, and a new complaint filed in this court. Attorney Dilworth further agreed that the defendant will not contend that the closing or termination of this case for lack of subject matter jurisdiction operates as a second dismissal.

I therefore recommend that the court **TERMINATE** this action for lack of subject matter jurisdiction.[1]

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

---

[1] Because the termination of this matter for lack of subject matter jurisdiction would be dispositive of the case, I have, in an abundance of caution, treated this as a recommended decision pursuant to 28 U.S.C. § 636(b)(1)(B).

Dated this 4th day of April, 2014.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge